# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL SECURITY ARCHIVE**<br>2130 H Street, N.W., Suite 701<br>The Gelman Library<br>Washington, DC 20037,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**DEPARTMENT OF STATE**<br>2201 C Street, N.W.<br>Washington, DC 20520,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C. A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff National Security Archive seeks injunctive and other appropriate relief for the processing and release of agency records requested by plaintiff from defendant Department of State. Specifically, plaintiff seeks disclosure of certain narrowly described records from former Deputy Secretary of State Strobe Talbott's files.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3. Plaintiff National Security Archive ("the Archive"), founded in 1985, is an independent non-governmental research institute and library. The Archive collects and publishes declassified documents obtained through the Freedom of Information Act. The Archive also serves as a repository of government records on a wide range of topics pertaining to the national security, foreign, intelligence, and economic policies of the United States. The Archive won the 1999 George Polk Award, one of U.S. journalism's most prestigious prizes, for – in the words of the citation – "piercing the self-serving veils of government secrecy, guiding journalists in the search for the truth and informing us all." It also was awarded the 2005 Emmy Award for outstanding achievement in news and documentary research. The Archive is a representative of the news media as defined in 5 U.S.C. § 552(a)(4)(a)(ii).

4. Defendant Department of State ("State") is a department of the Executive Branch of the United States Government. State is an "agency" within the meaning of 5 U.S.C. § 552(f).

**Plaintiff's FOIA Request and State's Failure to Respond in a Timely Manner**

5. By letter sent to defendant State on July 18, 2017, plaintiff requested under the FOIA the following agency records:

> Office of the Deputy Secretary of State, Strobe Talbott's files.
> Lot 05D292 Office of the Deputy Secretary 12-01-1991 to 01-01-2001
> Boxes: 1, 2, 3, 4, 5, 9, 10, 11, 12, 13, 14, 15, 17, 18, 21, 24, 25.
> This lot contains copies of documents used as reference material by Derek
> Cholett, Researcher for Deputy Secretary Talbott's book "The Russia Hand: A
> Memoir of Presidential Diplomacy."

With respect to the requested records, plaintiff noted:

> Documents from this lot were widely quoted in the book, and a lot of information
> contained in these documents has been since made public by Strobe Talbott,
> President Bill Clinton in his memoirs and numerous other scholars of the period.

6. In its request letter, plaintiff requested that it be treated as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii)(II) and, thus, that it not be charged search and review fees. In support of that request, plaintiff cited *National Security Archive v. U.S. Department of Defense*, 880 F.2d 1381 (D.C. Cir. 1989), *cert. denied*, 110 S Ct. 1478 (1990), establishing its entitlement to "news media" fee status. Plaintiff further noted that, "This request is made as part of a scholarly and research project that is intended for publication and is not for commercial use."

7. By letter to plaintiff dated July 25, 2017, defendant State acknowledged receipt of plaintiff's request and informed plaintiff that plaintiff would be notified "as soon as responsive material has been retrieved and reviewed."

8. By email to plaintiff dated March 20, 2018, defendant State's employee Alfred Braswell stated:

> The case manager assigned to FOIA Case F-2017-13804 is requesting if you can be more specific as to the information that you are requesting vice [sic] requesting "all papers of an individual over a ten year period" as this is a board [sic] request and would greatly delay processing and completion."

9. By email to defendant State's employee Albert Braswell dated July 24, 2017, plaintiff stated:

> Thanks for contacting us about F-2017-13804. After rechecking the files, it appears that this case is not actually for "all papers" over a ten year period, but rather for a select number key documents prepared by Strobe Talbott, and indexed and identified by document title and box number at the Washington Records Center. Moreover, many of these documents are historic (older than 25 years) and as such require a much less thorough review.

10. Notwithstanding the fact that plaintiff submitted its initial FOIA request for the described records almost 14 months ago, to date, defendant State has not responded to plaintiff's FOIA request.

11. Defendant State has violated the applicable statutory time limit for issuing responses to FOIA requests.

12. Plaintiff has exhausted the applicable administrative remedies.

13. Defendant State has wrongfully withheld the requested records from plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

14. Plaintiff repeats and realleges paragraphs 1-13.

15. Defendant State has wrongfully withheld agency records requested by plaintiff.

16. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant State's wrongful withholding of the requested records.

17. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. order defendant State to disclose the requested records in their entirety and make copies available to plaintiff;

B. provide for expeditious proceedings in this action;

C. award plaintiff its costs and reasonable attorneys' fees incurred in this action; and

D. grant such other relief as the Court may deem just and proper.

4

Respectfully submitted,

 */s/ David L. Sobel*
DAVID L. SOBEL
D.C. Bar No. 360418

5335 Wisconsin Avenue, N.W.
Suite 640
Washington, D.C. 20015-2052
(202) 246-6180
sobel@att.net

Counsel for Plaintiff

5